IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01523-PAB-KMT

TRENT WEST,
a California resident,

    Plaintiff,

v.

SHANE, CO.,
a Colorado corporation,

    Defendant.
_____

**STIPULATED PERMANENT INJUNCTION ORDER AGAINST SHANE CO.**
_____

THIS MATTER comes before the Court on the joint Motion for Entry of Permanent Injunction Against Shane Co. [Docket No. 23]. The Court, being fully advised in the premises, makes the following findings and conclusions pursuant to Fed. R. Civ. P. 65:

1.    On July 21, 2008, Plaintiff Trent West ("West") filed a complaint [Docket No. 1] suing Shane Co. ("Shane") for infringement of four West patents: U.S. Patent Nos. 6,928,734 ("the '734 Patent"), 6,990,736 ("the '736 Patent"), 7,032,314 ("the '314 Patent"), and 7,076,972 ("the '972 Patent") (collectively "the patents in suit").

2.    On November 12, 2008, Shane filed its answer to West's complaint [Docket No. 11], asserting counterclaims seeking declarations that the claims of the patents in suit are invalid, unenforceable and not infringed by Shane.

3.     The patents in suit pertain generally to tungsten carbide jewelry rings and methods of manufacturing tungsten carbide jewelry rings.  Such rings that would infringe one or more of the valid claims of the patents in suit if they were made, used, sold offered for sale or imported without a license from West are defined as "Accused Products."  West has licensed the patents in suit to certain manufacturers of the Accused Products, including but not limited to Frederick Goldman and Tosyali International, Inc. d/b/a Benchmark.  Accused Products manufactured by these licensees, as well as Accused Products manufactured by all future licensees of the patents in suit, are defined as "Licensed Products."  All Accused Products other than Licensed Products are defined as "Unlicensed Products."

4.     West has asserted that Shane has committed acts that infringe the patents in suit by making, selling or offering for sale in the United States, or importing into the United States, certain rings it sold as of the filing of the instant complaint, which rings or the manufacture of said rings West alleges infringe his patents.

5.     Shane has denied West's allegations of infringement and has asserted counterclaim against West for declaratory judgments of invalidity, unenforceability and non-infringement, which West has denied.

6.     West and Shane have entered into a settlement agreement to resolve this litigation and have agreed to entry of this Stipulated Permanent Injunction Order.  Therefore, pursuant to stipulation, it is hereby

ORDERED that Shane, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Shane who receive actual notice hereof, are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and

Fed. R. Civ. P. 65(d), from making, using, offering to sell or selling in the United States, or importing into the United States, any Unlicensed Products, either alone or in combination with any other product, and from infringing or inducing others to infringe any valid claims of the patents in suit.  This injunction shall not apply to, and Shane is expressly permitted to sell, those Accused Products manufactured by Crown Ring, Inc. that Shane has in its inventory as of the date of this order.

Shane shall forthwith provide written notice of this the injunction ordered herein to its officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them, including any and all persons or entities who have supplied Shane with any Accused Products.  Shane shall take whatever means are necessary or appropriate to ensure that this Order is properly complied with.

This Permanent Injunction shall run until expiration of the last operative patent of the patents in suit.

This Court retains jurisdiction over Shane to enforce any and all aspects of this Permanent Injunction.

No damages are awarded to West, and each side shall bear its own costs and attorney's fees.

Damages, if any, or other relief sought pursuant to the granting of this Permanent Injunction, or related to the violation of any of the terms thereof, shall be calculated from the date of the filing of the original Complaint in this action.

DATED May 29, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge